# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES M. LANIER,<br><br>       Plaintiff,<br><br>    v.<br><br>CLOVIS UNIFIED SCHOOL DISTRICT,<br><br>       Defendant. | 1:11-cv-01613 LJO GSA<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S COMPLAINT**<br><br>(Document 1) |

## INTRODUCTION

Plaintiff James M. Lanier ("Plaintiff") filed a complaint in this Court on September 23, 2011, naming the Clovis Unified School District ("CUSD") as Defendant. He asserts violations of his rights pursuant to Title 42 of the United States Code section 2000d, and two state law claims. (Doc. 1.) Generally speaking, Plaintiff's complaint alleges racially discriminatory attitudes and conduct by school officials that have purportedly prevented him from equal access to sports officiating contracts over a period of time. (*See* Doc. 1 at 4-6.)

//
//
//

1

**DISCUSSION**

**A.    *Screening Standard***

Pursuant to Title 28 of the United States Code Section 1915(e)(2), the Court has reviewed the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if it determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question (*Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976)), construe the pro se pleadings liberally in the light most favorable to the Plaintiff (*Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000)), and resolve all doubts in the Plaintiff's favor (*Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . .." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. *Id.* at 1949.

A pleading may not simply allege a wrong has been committed and demand relief. The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957); *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997).

If the Court determines that the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Dismissal of a pro se complaint for failure to state a

claim is proper only where it is obvious that the Plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend would be futile. *Lopez*, at 1128.

A claim is frivolous if it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A frivolous claim is based on an inarguable legal conclusion or a fanciful factual allegation. *Id.* A federal court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless. *Id.*

**B.**     ***Jurisdiction***

In the complaint, Plaintiff contends jurisdiction arises under Title 28 of the United States Code sections 1331 and 1343, and also under section 1346 "because the United States of America is a party." (Doc. 1 at 2-3.)

Jurisdiction is proper pursuant to sections 1331 and 1343 of Title 28 of the United States Code because Plaintiff has asserted claims arising under the Constitution and laws of the United States. However, the United States is not a party to this action. Therefore, jurisdiction does not arise under that provision.

**C.**     ***Plaintiff's Federal Claim***

Plaintiff's first cause of action contends that CUSD is a recipient of certain federal funds and that CUSD has failed to provide Plaintiff with an equal opportunity to obtain sports officiating contracts due to CUSD's racially-discriminatory practices. (Doc. 1 at 7-11.)

Section 2000d of Title 42 of the United States Code provides as follows:

> No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subject to discrimination under any program or activity receiving Federal financial assistance.

Congress has abrogated States' sovereign immunity for "violations [of Title VI] that occur in whole or in part after October 12, 1986." 42 U.S.C. § 2000d7(b) (Supp. 1987). "The two elements for establishing a cause of action pursuant to Title VI are (1) that the entity involved is engaging in racial or national origin discrimination and (2) the entity involved is receiving

3

federal financial assistance." *Jackson v. Conway*, 746 F.Supp. 896, 903 (E.D. Missouri 1979).

Here, Plaintiff alleges that "CUSD is a recipient of federal funds for its athletic programs for which it uses sports officiating service contracts . . .." (Doc. 1 at 7.) Next, Plaintiff asserts that "through its employees" CUSD has failed to treat Plaintiff equally "because of his race, Afro-American, and because of his color, black." (Doc. 1 at 7.) Plaintiff also contends this practice has continued from 2004 to the present, and contends that CUSD board members acted unfairly and improperly by awarding officiating contracts only to non-black persons, constituting unlawful race discrimination. (Doc. 1 at 7-11.)

Construing Plaintiff's pro se complaint liberally, Plaintiff has sufficiently stated a claim against CUSD for a violation of Title VI of the 1964 Civil Rights Act.

**D.** *Plaintiff's State Law Claim*

    **1.** **California Education Code section 220**

In his second cause of action, Plaintiff asserts a violation of the California Education Code section 220, *et seq*. (Doc. 1 at 11-13.)

More particularly, he contends CUSD is a public school district subject to the statute (Doc. 1 at 11), and that CUSD's athletic directors or committee members, participated in the selection of officiants who "practiced discrimination" and whom were less qualified than Plaintiff (Doc. 1 at 11-12), knowing CUSD board members "would not question said recommendation." (Doc. 1 at 12.) He further contends the CUSD board members "breached their duty to Plaintiff in doing the acts complained of . . . by awarding the 2010 and 2011 officiating contract to SJVOA and CSOA, and by failing to investigate and correct the race discrimination acts complained of by Plaintiff."[1] (Doc. 1 at 13.)

California Education Code section 220 states as follows:

---

[1] San Joaquin Valley Officials Association, or SJVOA, and California Sports Officials Association, or CSOA, are other officiating business owned and operated by non-minority persons, and to whom CUSD purportedly awarded its sports officiating contracts.

  No person shall be subjected to discrimination on the basis of disability, gender, nationality, race or ethnicity, religion, sexual orientation, or any other characteristic that is contained in the definition of hate crimes set forth in Section 422.55 of the Penal Code in any program or activity conducted by an educational institution that receives, or benefits from, state financial assistance or enrolls pupils who receive state student financial aid.

### a.   Eleventh Amendment Immunity Applies

The Eleventh Amendment of the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens or Subjects of any Foreign State." The Eleventh Amendment prohibits federal courts from hearing suits brought against a state by its own citizens or citizens of other states. *Brooks v. Sulphur Springs Valley Elec. Coop.*, 951 F.2d 1050, 1053 (9th Cir. 1991). "[A]bsent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court." *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). "Although the exact limits of the Eleventh Amendment are difficult to determine, it is clear that the Eleventh Amendment prohibits actions for damages against state agencies when Congress has failed to express a contrary intent." *Belanger v. Madera Unified School Dist.*, 963 F.2d 248, 250 (9th Cir. 1992). In *Mitchell v. Los Angeles Community College Dist.*, 861 F.2d 198, 201 (9th Cir. 1988), the Ninth Circuit set out a five-factor test to determine whether an agency is a state agency for Eleventh Amendment purposes and has repeatedly held that, because of the funding relationship that exists between California schools and the State of California, public school districts and their subdivisions are, in fact, state agencies for Eleventh Amendment purposes. *See, e.g., id.*; *Belanger*, 963 F.2d at 254-255; *Jackson v. Hayakawa*, 682 F.2d 1344, 1350-1351 (9th Cir. 1982) ("trustees are an arm of the state that can claim Eleventh Amendment immunity").

//
//
//

CUSD is a public school district in California, and thus, it is an arm of the state, and is shielded from suit in federal court under the Eleventh Amendment, as are its board members.[2] Moreover, as the Northern District court declared:

> [B]oth the [United States] Supreme Court and the Ninth Circuit have made clear that the rationale for Eleventh Amendment immunity applies with particular force to state law claims. *See Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1326 (9th Cir. 1991) (dismissing state law claims against state defendants on Eleventh Amendment grounds and stating that "'it is difficult to think of a greater intrusion on state sovereignty than when federal courts instruct state officials on how to conform their conduct to state law'" (quoting *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984).

*O.H. v. Oakland Unified School District*, 2000 WL 33376299 (N.D. Cal. Apr. 17, 2000) at *4.

Thus, the undersigned concludes this Court lacks jurisdiction over Plaintiff's state law claim against CUSD as the claim is barred by the Eleventh Amendment. Thus, Plaintiff's claim for money damages against Defendant CUSD fails as a matter of law. Therefore, it is recommended that Plaintiff's state law claim pursuant to California Education Code section 220 be dismissed without leave to amend, as amendment would be futile.

### E. *Plaintiff's "Third Cause of Action"*

Plaintiff asserts a third claim for a "Violation of Continuous violations doctrine 79 Cal.App.4th 570 Against Defendant CUSD." (Doc. 1 at 13.)

Initially, the Court briefly notes that Plaintiff's reference to state court authority in the aforementioned title may not be properly relied upon after the California Supreme Court granted review of the Third District Court of Appeal's opinion (*Richards v. CH2M Hill, Inc.*, 2 P.3d 1065, 97 Cal.Rptr.2d 511 (2000). *See* California Rules of Court, rules 8.1105, 8.1110, 8.1115, 8.1120 & 8.1125.

More importantly however is the fact that, even assuming CUSD continues to fail to provide Plaintiff an opportunity to obtain sports officiating contracts because of his race and

---

[2]Although CUSD board members are not individually named, the Complaint does reference "CUSD board members" and other persons not named as defendants.

color, a separate cause of action does not arise under the continuing violations doctrine. Rather, the doctrine concerns the timeliness of one's claims and may excuse claims otherwise barred by the applicable statute of limitations.

Moreover, as determined by Chief United States Judge Anthony W. Ishii in his September 2010 order in the matter entitled *Lanier v. Clovis Unified School District*, 1:09-cv-02084-AWI-SKO, Plaintiff's earlier claims were determined to be time-barred:

> The facts alleged in the FAC leave no doubt that Plaintiff had formed the opinion not later than August 22, 2007, that his lack of success in being awarded sports officiating contracts in 2005, 2006 and 2007 was the result of racial discrimination. Thus, to the extent Plaintiff's claims for relief are predicated on CUSD's refusal to enter into officiating contracts with Plaintiff in 2005, 2006 or through September of 2007, those claims were asserted more than 2 years after the date of accrual of the claim and so are time-barred under California's applicable statute of limitations.
> Although Plaintiff has not argued that the "continuing violation doctrine" might apply in this case, the court addresses the issue briefly. The Supreme Court has held that "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discrete discriminatory act starts a new clock for filing charges alleging that act." *Nat'l Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) (Morgan"). The Court's decision in Morgan overruled prior authority established in this circuit that had held a discriminatory act taking place outside the limitations period is actionable as part of a "continuing violation" if the acts outside the limitations period were related and similar to acts alleged in charges that were timely filed. *Rk Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1061 (9th Cir. 2002). Pursuant to Morgan, the continuing violation doctrine applies principally in hostile work environment claims where acts that occurred outside the limitations period are integral to a single claim and where at least some portion of the acts constituting that claim occurred within the limitations period. *Morgan*, 536 U.S. at 115.
> Here, the acts Plaintiff complains of are discrete acts of discrimination that occurred in 2005 and 2006, as well as in 2007 prior to October 8, when Plaintiff's contract proposals were turned down for reasons of racial discrimination. Each was separately actionable as of the date Plaintiff knew or should have known that the reason for rejection of his contract proposals were unlawfully based on race discrimination. Consequently, the continuing violation doctrine does not apply and Plaintiff is time-barred from asserting any claims that are based on the refusal of Defendants to contract with Plaintiff where Plaintiff's proposal for contract was tendered and rejected prior to October 8, 2007.

(*See* USDC-E 1:09-cv-2084-AWI-SKO, Docket No. 31 at 8-9.)

//

//

Finally, the text of Plaintiff's "third" claim appears to relate primarily to his first cause of action, which this Court has already determined may proceed against CUSD. Therefore, this Court recommends Plaintiff's third cause of action be dismissed without leave to amend.

## RECOMMENDATIONS

For the reasons set forth above, the Court RECOMMENDS as follows:

1. Plaintiff's allegations against Defendant CUSD pertaining to section 2000d of Title 28 of the United States Code may proceed as the claim is sufficiently pled for purposes of pro se screening; and

2. Plaintiff's state law claim arising under the California Education Code section 220, and Plaintiff's third claim entitled "violation of Continuous violations doctrine . . ." be dismissed with prejudice.

These findings and recommendations are submitted to District Judge Lawrence J. O'Neill pursuant to the provisions of Title 28 of the United States Code section 636(b)(l). Plaintiff may file written objections with the Court no later than thirty (30) days from the date of these findings. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In the event Plaintiff does not object, his case will proceed only as to the federal claim identified above.

IT IS SO ORDERED.

Dated:   **November 1, 2011**          /s/ **Gary S. Austin**
                                                        UNITED STATES MAGISTRATE JUDGE