IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES M. LANIER,<br><br>               Plaintiff,<br><br>    vs.<br><br>CLOVIS UNIFIED SCHOOL DISTRICT<br>BOARD OF EDUCATION, et al.,<br><br>               Defendants.<br>_____/ | CASE NO. 1:11-cv-01613-LJO-GSA<br><br>**ORDER ON MOTION TO DISMISS FIRST AMENDED COMPLAINT AND MOTION FOR RECONSIDERATION** (Docs. 25, 29) |

**INTRODUCTION**

This is a civil rights action for damages by pro se plaintiff James M. Lanier ("Mr. Lanier") against defendants Clovis Unified School District Board of Education ("Clovis Unified") and Does 1 through 10. In Mr. Lanier's first amended complaint ("FAC"), he alleges three causes of actions under 42 U.S.C. §§ 2000d, 2000e-2, and 2000e-3. Clovis Unified seeks to dismiss all of Mr. Lanier's causes of action, pursuant to Fed. R. Civ. P. 12(b)(6), and has filed a request for judicial notice. Mr. Lanier filed an opposition to Clovis Unified's motion to dismiss, a request for judicial notice, and a motion for reconsideration of this Court's order in *James M. Lanier v. Clovis Unified School District, et al.*, Case No. 1:09-cv-02084-AWI-SKO ("*Lanier I*"). For the reasons discussed below, this Court GRANTS the parties' requests for judicial notice, DISMISSES in part and DENIES in part Mr. Lanier's motion for reconsideration, and DENIES Clovis Unified's motion to dismiss.

**BACKGROUND**

**I. Facts**[1]

Mr. Lanier is African American. (Doc. 23, ¶ 14). He owns and operates an accredited sports officiating service known as "SportsTime Officials Association" ("Sports Time") (Doc. 23, ¶ 9a). From 2005 through 2008, Mr. Lanier attempted without success to obtain a sports officiating contract with the Clovis Unified School District. (Doc. 23, ¶ 9a). In March 2008, Dennis Lindsay, the District Athletic Director for Clovis Unified, asked Mr. Lanier to support Clovis Unified's efforts to award the contract to California Sports Officials Association ("California Sports"). (Doc. 23, ¶ 9a). California Sports is owned and operated by a Caucasian but at the time was not yet licensed nor did it have a staff. (Doc. 23, ¶ 9b). Mr. Lanier was bewildered by the fact that Clovis Unified did not view his officiating business as acceptable for the contract but reluctantly agreed to support California Sports because he was assured that he would be part of their management team. (Doc. 23, ¶ 9a). In May 2008, Clovis Unified awarded a two year contract to California Sports for the 2008/2009 and 2009/2010 school years. (Doc. 23, ¶ 9b). In January 2009, Mr. Lanier was discharged from California Sports without any reason or explanation. (Doc. 23, ¶ 9c).

In October 2009, Mr. Lanier filed a civil claim in state court, *Lanier I*, against Clovis Unified and various Clovis Unified School District administrators. (*Lanier I*, Doc. 2). Defendants removed the action to federal court. (*Lanier I*, Doc. 2). Mr. Lanier eventually filed a FAC in which he clarified that his allegations were against Clovis Unified, the Clovis Unified Board Members in their official capacities ("Board Members"), Michael Johnston in his official capacity, Dennis Lindsey in his official and individual capacity, and Does 1-20. Mr. Lanier alleged the following claims for relief: (1) Fourteenth Amendment Equal Protection violations, pursuant to 42 U.S.C. § 1981 (against all defendants); (2) Fourteenth Amendment Equal Protection violations, pursuant to 42 U.S.C. § 1983 (against all defendants); (3) conspiracy to deprive Mr. Lanier of his rights under the Equal Protection Clause of the Fourteenth Amendment, in violation of 42 U.S.C. § 1985 (against Clovis Unified, Dennis

---

[1] The background facts are derived from Mr. Lanier's FAC. This Court accepts the factual allegations in the first amended complaint as true for purposes of this motion. *See Lazy Y. Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

Lindsey, and Michael Johnston); (4) failure to prevent a conspiracy to violate Mr. Lanier's civil rights, in violation of 42 U.S.C. § 1986 (against Clovis Unified and Board Members); and (5) a collection of "pendant state claims" which included alleged violations of California Education Code § 220, California Contract Code §§ 100-102, and California Business & Professions Code § 17200, et seq. (against Clovis Unified and Board Members). (Doc. 14-1).

Despite the ongoing lawsuit, in May 2010 Mr. Lanier received a bid request from Clovis Unified and submitted a bid for the 2010/2011 school year. (Doc. 23, ¶ 9e). Clovis Unified received four bids. (Doc. 23, ¶ 9e). Two bids were from companies with Caucasian owners, San Joaquin Valley Officials Association ("San Joaquin") and California Sports. (Doc. 23, ¶ 9e). One bid was from a company with a Native American/Hispanic owner, DanSports, and one bid was from Mr. Lanier. (Doc. 23, ¶ 9e). Clovis Unified interviewed the two Caucasian owned businesses, San Joaquin and California Sports, but did not interview either of the minority owned businesses. (Doc. 23, ¶ 9g). Ultimately, Clovis Unified split the 2010/2011 school year contract between San Joaquin and California Sports, the two companies with Caucasian owners. (Doc. 23, ¶ 9g).

In September 2010, the Court dismissed *Lanier I*. (Doc. 23, ¶ 9h). The Court dismissed Mr. Lanier's federal claims as time barred because Mr. Lanier failed to allege the denial of the right to contract within the applicable limitations periods. (Doc. 14-3, p. 18). The Court declined to exercise supplemental jurisdiction over Mr. Lanier's state law claims. (Doc. 14-3, p. 17-18).

In early 2011, Mr. Lanier alleges that he was again denied access to the sports officiating contract because Clovis Unified changed the structure of the contracts it previously awarded to San Joaquin and California Sports. (Doc. 23, ¶ 9i). In August 2011, Mr. Lanier filed a government tort claim against Clovis Unified for continuing to violate its own anti-discrimination policy by not allowing an open, fair, and equal bidding process and for civil rights violations. (Doc. 23, ¶ 9j). The claim was denied as time barred. (Doc. 23 ¶ 9k).

**II. Procedural History**

On September 23, 2011, Mr. Lanier filed a pro se complaint with this Court in which he alleged three causes of action: (1) denial of the equal opportunity to obtain a sports officiating contract for the 2010/2011 school year based on race, in violation of 42 U.S.C. § 2000d; (2) violations of California

Education Code § 220; and (3) violations of the "continuous violations doctrine, pursuant to 79 Cal. App. 4th 570." (Doc. 1). In a screening order, this Court determined that Mr. Lanier's allegation that Clovis Unified violated 42 U.S.C. § 2000d was sufficiently pled for purposes of pro se screening and dismissed the other causes of action without leave to amend. (Docs. 4, 5).

On February 24, 2012, Clovis Unified filed a motion to dismiss. (Docs. 12, 13). On March 16, 2012, Mr. Lanier filed a FAC, pursuant to Fed. R. Civ. P. 15(a)(1)(B), in which he alleged three causes of action: (1) denial of the equal opportunity to obtain a sports officiating contract for the 2010/2011 and 2011/2012 school years based on race, in violation of 42 U.S.C. § 2000d; (2) systemic disparate treatment discrimination and unlawful employment practices, in violation of 42 U.S.C. § 2000e-2; and (3) other unlawful employment practices, in violation of 42 U.S.C. § 2000e-3. (Doc. 23). In light of the FAC, this Court terminated Clovis Unified's February 2012 motion to dismiss. (Doc. 24). On March 21, 2012, Clovis Unified filed the instant motion to dismiss Mr. Lanier's FAC and a request for judicial notice. (Docs. 25, 26). Mr. Lanier opposed the motion, filed a request for judicial notice, and a motion for reconsideration of the Court's order in *Lanier I*. (Docs. 28, 29). Clovis Unified filed a reply. (Doc. 30). This Court VACATES the April 24, 2012, hearing or oral argument, pursuant to Local Rule 230(g). Having considered the parties' arguments and the relevant law, this Court issues this order.

## DISCUSSION

### Requests for Judicial Notice

In support of Clovis Unified's motion to dismiss Mr. Lanier's FAC, it requests this Court to take judicial notice of the rulings by the Court and the factual admissions made by Mr. Lanier in his pleadings in *Lanier I*. (Doc. 26, p. 2). In support of Mr. Lanier's motion for reconsideration, he requests the Court to take judicial notice of the rulings of this Court and the content of the pleadings in *Lanier I*.[2]

"Generally, a court may not consider material beyond the complaint in ruling on a Fed. R. Civ. P. 12(b)(6) motion." *Intri-Plex Technologies, Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir.

---

[2] Specifically, Clovis Unified requests the Court to take judicial notice of the following documents from *Lanier I*: (1) the first amended complaint (Doc. 26-1), (2) Mr. Lanier's opposition to Clovis Unified's motion to dismiss the first amended complaint (Doc. 26-2), (3) the Court's order on Clovis Unified's motion to dismiss (Doc. 26-3), and (4) the judgment (Doc. 26-4). Mr. Lanier requests the Court to take judicial notice of his opposition to Clovis Unified's motion to dismiss the first amended complaint, the Court's order on Clovis Unified's motion to dismiss, and the judgment. (Doc. 29, p. 4).

4

2007). "However, a court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment, as long as the facts noticed are not subject to reasonable dispute." *Id*. (internal quotation marks and citations omitted). This includes a court's own records in other cases. *In re Korean Air Lines Co., Ltd.*, 642 F.3d 685, 689 n.1 (9th Cir. 2011) (recognizing that a court may take judicial notice of its own records in other cases). "[W]hen a court takes judicial notice of another court's opinion, it may do so not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity." *Lee v. City of Los Angles*, 250 F.3d 668, 690 (9th Cir. 2001) (internal quotation marks and citations omitted), *impliedly overruled on other grounds as discussed in Gallardo v. DiCarlo*, 203 F. Supp. 2d 1160, 1162 n.2 (C.D. Cal. 2002).

Because a court may take judicial notice of its own records in other cases, this Court GRANTS Clovis Unified and Mr. Lanier's requests to take judicial notice (Docs. 26, 29) of the pleadings and orders filed in *Lanier I*. The Court is careful to note that it is taking judicial notice of the existence of these documents and the statements contained therein and not of the truth of the facts recited therein. *See e.g., Lee*, 250 F.3d at 689-90 (holding that the district court properly took judicial notice of the fact that a waiver was signed in a prior proceeding but incorrectly took judicial notice of the validity of the waiver, a disputed fact yet unproved).

**Motion for Reconsideration**

Mr. Lanier has filed a motion for reconsideration in which he requests the Court to reconsider *Lanier I* based on his argument that the Court relied on erroneous facts. (Doc. 29). Mr. Lanier requests reconsideration under Fed. R. Civ. P. 60(b)(1) and (6) and Fed. R. Evid. 103(a).

Fed. R. Civ. P. 60(b)(1) allows the court to relieve a party from a final judgment based on judicial "mistake." *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981) (per curiam). A motion under Rule 60(b)(1) must be made no more than a year after the entry of judgment. Fed. R. Civ. P. 60 (c)(1). Because Mr. Lanier's motion for reconsideration was filed more than a year after the entry of judgment,[3] this Court lacks jurisdiction to consider the merits of the motion. *Nevitt v. United States*, 886 F.2d 1187,

---

[3] The judgment in *Lanier I* was entered on September 20, 2010. (*Lanier I*, Doc. 32). The instant motion for reconsideration was filed on April 5, 2012. (Doc. 29).

5

1188 (9th Cir. 1989).

Mr. Lanier also requests reconsideration under Rule 60(b)(6) which allows the court to relieve a party from a final judgment based on "any other reason that justifies relief." A motion under Rule 60(b)(6) need not be filed within one year after the entry of judgment rather, it need only be filed within a "reasonable time." *See* Fed. R. Civ. P. 60(c)(1). However, the provisions of Rule 60(b) are mutually exclusive thus, a party who failed to take timely action under Rule 60(b)(1) may not seek relief more than a year after the judgment by resorting to subsection (6). *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 393 (1993). Accordingly, this Court denies Mr. Lanier's request for reconsideration under Fed. R. Civ. P. 60(b)(6).

Finally, Mr. Lanier requests reconsideration under Fed. R. Evid. 103(a). Rule 103(a) pertains to errors in evidentiary rulings. Mr. Lanier requests relief from a final judgment. Therefore, Fed. R. Evid. 103(a) does not apply.

Mr. Lanier's motion for reconsideration is DISMISSED in part and DENIED in part.

**Motion to Dismiss**

**I. Motion to Dismiss Legal Standard**

A motion to dismiss pursuant to Fed R. Civ. P. 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. A Fed. R. Civ. P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens,* 546 F.3d 580, 588 (9th Cir. 2008).

To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability

requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Thus, "bare assertions...amount[ing] to nothing more than a 'formulaic recitation of the elements'...are not entitled to be assumed true." *Iqbal*, 129 S. Ct. at 1951. A court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 764, 767 (8th Cir. 2003) (citation omitted). Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). To the extent that the pleadings can be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend. *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Where the plaintiff is pro se, the Court has an obligation to construe the pleadings liberally and to afford the plaintiff the benefit of any doubt. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985) (en banc). However, a pro se plaintiff must still allege facts sufficient to allow a reviewing court to determine that a claim has been stated. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

With these standards in mind, this Court turns to Clovis Unified's challenges to the allegations in Mr. Lanier's FAC.

**II. Clovis Unified's Challenges to Mr. Lanier's FAC**

    **A. First Cause of Action: Res Judicata**

Clovis Unified contends that Mr. Lanier's claim that Clovis Unified failed to award him a sports officiating contract for the 2010/2011 school year because of his race, in violation of 42 U.S.C. § 2000d, is barred by the doctrine of res judicata. Clovis Unified argues that because the Court previously found in *Lanier I*, that Mr. Lanier failed to provide a bid for the 2010/2011 school year that Mr. Lanier is now precluded from seeking damages for any alleged discriminatory conduct that arose out of the May 2010 bidding process.

> The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as "res judicata." Under the doctrine of claim preclusion, a final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit. Issue preclusion, in contrast, bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim.

*Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (internal quotation marks and citations omitted). Clovis Unified appears to argue that both claim preclusion and issue preclusion apply. Accordingly, this Court will analyze both.

    **1. Claim Preclusion**

"Claim preclusion bars any lawsuits on any claims that were raised or could have been raised in a prior action." *Providence Health Plan v. McDowell*, 385 F.3d 1168, 1173 (9th Cir. 2004) (internal quotation marks and citations omitted). "Claim preclusion applies if there is (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties." *Id.* at 1174 (internal quotation marks and citations omitted). In determining whether the instant action concerns the same claims as the prior action, the Ninth Circuit considers:

> (1) Whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. The last of these criteria is the most important.

*Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1052 (9th Cir. 2005) *citing Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982).

Although there is a final judgment on the merits and privity between the parties in this case, Mr. Lanier's current claim is not precluded because an identity of claims does not exist. *Lanier I* resulted in a final judgment because Mr. Lanier's complaint was dismissed with prejudice. *See Hells Canyon Pres. Council v. United States Forest Serv.*, 403 F.3d 683, 686 (9th Cir. 2005) (recognizing that a dismissal with prejudice is synonymous with "final judgment on the merits"). Privity exists because both Mr. Lanier and Clovis Unified were parties in the prior action. *See Tahoe-Sierra Preservation Council v. Tahoe Regional Planning Agency*, 322 F.3d 1064, 1081 (9th Cir. 2003) (recognizing that privity between the parties exists when the parties in both actions are identical). An identity of claims however, does not exist because Mr. Lanier did not previously argue that he was denied an equal opportunity to obtain a sports officiating contract for the 2010/2011 school year nor does this claim arise out of the same "transactional nucleus of facts" as the prior action. In the instant action, Mr. Lanier alleges that Clovis Unified failed to provide him an equal opportunity to obtain a sports officiating contract for the 2010/2011 school year by using an unfair selection process and by awarding the contract to non-African American contractors. Mr. Lanier submitted his bid for the 2010/2011 school year on May 28, 2010 and found out that he was not selected for the contract on June 16, 2010.

In the prior action, Mr. Lanier alleged that defendants, which included Clovis Unified, failed to provide him an equal opportunity to obtain a sports officiating contract "from October 14, 2007 to the present." "[T]he present" at the time the first amended complaint was filed in the prior action was May 24, 2010. Mr. Lanier also alleged that the waiver in the May 2010 request for proposals ("RFP") was discriminatory because it required plaintiff to waive his civil rights and remedies for unlawful discrimination in order to compete for a sports officiating contract. Mr. Lanier did not however, allege that he was denied the equal opportunity to obtain a sports officiating contract for the 2010/2011 school year. In addition, Mr. Lanier could not have made this allegation at the time he filed his first amended complaint in the prior action because at the time, he had not yet submitted his bid for the 2010/2011 school year nor had a decision been made regarding the bid.

The present action challenges the allegedly unfair selection process used to select a sports

officiating contractor for the 2010/2011 school year which occurred from May 28, 2010 until June 16, 2010, and the process used for the 2011/2012 school year. The prior action challenged the alleged denial of the opportunity to obtain a sports officiating contract from October 2007 to May 24, 2010 and the discriminatory nature of the waiver in the May 2010 RFP. Hence, the claims in the prior and present action arise out of a different transactional nucleus of facts. *See Fund for Animals, Inc. v. Lujan*, 962 F.2d 1391, 1399 (9th Cir. 1992) (holding that claim preclusion did not apply because the present action challenged conduct that was different from the conduct challenged in the previous action). Thus, Mr. Lanier's claim that Clovis Unified failed to give him an equal opportunity to obtain a sports officiating contract for the 2010/2011 and 2011/2012 school years because of his race, is not precluded.

**2. Issue Preclusion**

"[I]ssue preclusion, bars the relitigation of issues actually adjudicated in previous litigation between the same parties." *Kamilche Co. v. United States*, 53 F.3d 1059, 1062 (9th Cir. 1995), *as amended by*, 75 F.3d 1391 (9th Cir. 1996) (internal quotation marks omitted). "It precludes relitigation of both issues of law and issues of fact." *Pool Water Products v. Olin Corp.*, 258 F.3d 1024, 1031 (9th Cir. 2001).

> A party invoking issue preclusion must show: (1) the issue at stake is identical to an issue raised in the prior litigation; (2) the issue was actually litigated in the prior litigation; and (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the earlier action.

*Littlejohn v. United States*, 321 F.3d 915, 923 (9th Cir. 2003) (internal citations omitted). "Litigants . . .are not precluded from relitigating an issue if its determination was merely incidental to the judgment in the prior action." *Resolution Trust Corp. v. Keating*, 186 F.3d 1110, 1115 (9th Cir. 1999).

The Court's determination in *Lanier I*, that Mr. Lanier did not submit a bid for the 2010/2011 school year, was not a "critical and necessary" part of the judgment because Mr. Lanier did not challenge the allegedly unfair selection process for the 2010/2011 school year in the prior action. In *Lanier I*, Mr. Lanier alleged claims that related to actions that occurred prior to the time he submitted a bid for the 2010/2011 school year. The Court denied the claims based on the statute of limitations. When rendering its decision the Court stated that because Mr. Lanier did not submit a bid in 2008 or 2010 the alleged harm did not occur within the statute of limitations period. (Doc. 26-3, p. 15, 18). Because Mr. Lanier

only challenged conduct that allegedly occurred prior to the 2010 bidding process, the Court's finding that Mr. Lanier did not submit a bid in 2010 was not a "critical and necessary" part of the judgment. *Littlejohn*, 321 F.3d at 923. Therefore, this issue is not precluded.

### B. First Cause of Action: Failure to State a Claim

As an alternative to its res judicata argument, Clovis Unified also contends that Mr. Lanier's first cause of action should be dismissed for failure to state a claim.

#### 1. Failure to Allege Intent

Clovis Unified contends that Mr. Lanier's 42 U.S.C. § 2000d claim should be dismissed because he has failed to allege any facts to show that Clovis Unified intentionally discriminated against him on the basis of race, color, or national origin.

"To state a claim for damages under 42 U.S.C. § 2000d *et seq.*, a plaintiff must allege that (1) the entity involved is engaging in racial discrimination; and (2) the entity involved is receiving federal financial assistance. Although the plaintiff must prove intent at trial, it need not be pled in the complaint." *Fobbs v. Holy Cross Health Sys. Corp.* 29 F.3d 1439, 1447 (9th Cir. 1994) (citations omitted), *overruled on other grounds by Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131 (9th Cir. 2001); *Monteiro v. Tempe Union High School Dist.*, 158 F.3d 1022, 1026 (9th Cir. 1998) (holding that it was error for the district court to dismiss plaintiff's 42 U.S.C. § 2000d claim for failure to plead intent); *Aguirre v. San Leandro Police Dept.*, 2011 WL 738292, *3 (N.D. Cal. Feb. 22, 2011) (recognizing that "Title VI claims need only allege that the defendant is engaging in discrimination, although a showing of intent is necessary at trial"); *Jones v. Beverly Hills Unified School Dist.*, 2010 WL 1222016, *5 (C.D. Cal. Mar. 24, 2010) (concluding that plaintiff properly pled a claim for race discrimination under 42 U.S.C. § 2000d because plaintiff alleged that defendant engaged in discrimination).

Mr. Lanier alleges that Clovis Unified: (1) failed to provide him an equal opportunity to obtain a sports officiating contract because of his race (Doc. 23, ¶ 15) and (2) receives federal funds for its athletic programs (Doc. 23, ¶ 12). Therefore, Mr. Lanier has alleged racial discrimination and that the entity involved receives federal financial assistance. Although Mr. Lanier has failed to allege that the discrimination was intentional, this omission does not render his claim fatal because intent need not be

pled in the complaint in order to state a 42 U.S.C. § 2000d claim. *Fobbs,* 29 F.3d at 1447, *overruled on other grounds by Daviton*, 241 F.3d at 1131.

### 2. Failure to Allege Funds Were for Employment

Clovis Unified argues that Mr. Lanier has failed to state a 42 U.S.C. § 2000d claim because he has failed to allege that the federal funds Clovis Unified received were specifically for employment purposes.

42 U.S.C. § 2000d-3 limits employment discrimination claims under 42 U.S.C. § 2000d to claims against entities receiving federal assistance where the primary objective of the assistance is to provide employment. *See* 42 U.S.C. § 2000d-3.[4] Accordingly, in order to state a claim for employment discrimination under 42 U.S.C. § 2000d, a plaintiff must allege that the defendant received federal financial assistance, the primary objective of which was to provide employment, and that the funds went to discriminatory programs or activities. *See Temengil v. Trust Territory of Pac. Islands*, 881 F.2d 647, 653 (9th Cir. 1989) (plaintiffs failed to establish that providing employment was primary purpose of program that received federal funds).

Although 42 U.S.C. § 2000d-3 limits employment discrimination claims under 42 U.S.C. § 2000d, Clovis Unified's argument is unpersuasive because Mr. Lanier was never employed nor did he attempt to gain employment with Clovis Unified. Mr. Lanier was an independent contractor attempting to obtain a contract for his sports officiating business. The plain language of 42 U.S.C. § 2000d-3 shows that the limitation pertains to "employment practice[s]" only. Accordingly, Mr. Lanier's failure to allege that the federal funds Clovis Unified received were specifically for employment purposes does not render his claim fatal.

### 3. Disparate Impact Regulations

Clovis Unified maintains that Mr. Lanier's 42 U.S.C. § 2000d claim should be dismissed because there is no private right of action to enforce disparate-impact regulations. In *Alexander v. Sandoval*, 532 U.S. 275 (2001), the Supreme Court held that there is no private right of action to enforce disparate-

---

[4] 42 U.S.C. § 2000d-3 provides: "Nothing contained in this subchapter shall be construed to authorize action under this subchapter by any department or agency with respect to any employment practice of any employer, employment agency, or labor organization except where a primary objective of the Federal financial assistance is to provide employment."

impact regulations. *Id*. at 293. Clovis Unified's argument is unconvincing however, because Mr. Lanier does not allege the violation of a disparate impact regulation.

Section 601 of Title VI of the Civil Rights Act of 1964, which is codified at 42 U.S.C. § 2000d, provides that "[n]o person in the United States shall on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." The case law is clear that a private individual may sue to enforce 42 U.S.C. § 2000d and obtain both injunctive relief and damages. *Alexander*, 532 U.S. at 279. Section 602 of Title VI of the Civil Rights Act of 1964, which is codified at 42 U.S.C. § 2000d-1, gives federal agencies the authority "to effectuate the provisions of § 601 by regulations." *Greene v. Sprint Communications Co.*, 340 F.3d 1047, 1051 (9th Cir. 2003). The Supreme Court has held that a private individual may not sue to enforce the disparate-impact regulations promulgated under section 602. *Alexander*, 532 U.S. at 293.

Mr. Lanier alleges that Clovis Unified violated 42 U.S.C. § 2000d. Mr. Lanier does not allege that Clovis Unified violated any federal regulations. The case law is clear that a private individual may sue to enforce 42 U.S.C. § 2000d. *Alexander*, 532 U.S. at 279. Accordingly, the fact that a private individual may not sue to enforce disparate-impact regulations promulgated under 42 U.S.C. § 2000d-1, *Alexander*, 532 U.S. at 293, does not affect Mr. Lanier's 42 U.S.C. § 2000d claim.

This Court DENIES Clovis Unified's motion to dismiss Mr. Lanier's first cause of action.[5]

**C. Second and Third Causes of Action: Issue Preclusion**

Clovis Unified contends that Mr. Lanier is precluded from bringing his second and third causes of actions under 42 U.S.C. §§ 2000e-2 and 2000e-3. It argues that Mr. Lanier is precluded from bringing these causes of action because they are identical to those raised in *Lanier I* and Mr. Lanier had a full and fair opportunity to litigate them in *Lanier I*.

As discussed above, "issue preclusion, bars the relitigation of issues actually adjudicated in

---

[5] Clovis Unified also argues that Mr. Lanier's first cause of action should be dismissed because Mr. Lanier fails to allege that he submitted a bid for the 2011/2012 school year. Mr. Lanier alleges that Clovis Unified denied him the equal opportunity to submit a bid for the 2011/2012 school year by restructuring San Joaquin and California Sports' 2010 contracts. (Doc. 23, ¶ 9(i)). Thus, Mr. Lanier did not have an opportunity to submit a bid for the 2011/2012 school year. Accordingly, Clovis Unified's argument is irrelevant.

previous litigation between the same parties." *Kamilche Co.*, 53 F.3d at 1062, *as amended by*, 75 F.3d 1391 (internal quotation marks omitted). A party invoking issue preclusion must show that "the issue at stake is identical to an issue raised in the prior litigation." *Littlejohn*, 321 F.3d at 923. In determining whether two issues are identical, the Ninth Circuit has adopted four factors to consider. *Resolution Trust Corp.*, 186 F.3d at 1116. Those factors are:

> (1) is there a substantial overlap between the evidence or argument to be advanced in the second proceeding and that advanced in the first?
> (2) does the new evidence or argument involve the application of the same rule of law as that involved in the prior proceeding?
> (3) could pretrial preparation and discovery related matter presented in the first action reasonably be expected to have embraced the matter sought to be presented in the second?
> (4) how closely related are the claims involved in the two proceedings?

*Id*. Clovis Unified has failed to show that the issues raised in Mr. Lanier's second and third causes of action are identical to the issues raised in *Lanier I*. In *Lanier I*, Mr. Lanier challenged Clovis Unified's alleged failure to provide him an equal opportunity to obtain a sports officiating contract from October 14, 2007 to May 24, 2010. Mr. Lanier did not challenge the 2010 bidding process nor the alleged restructuring of San Joaquin and California Sports' contracts in 2011. In addition, in the prior proceeding Mr. Lanier brought various civil rights claims under 42 U.S.C. §§ 1981, 1983, 1985, 1986, and various pendent state claims. Here, Mr. Lanier proceeds under the Civil Rights Act. Consequently, there is no overlap between the evidence or argument advanced. Similarly, had *Lanier I* advanced beyond Clovis Unified's motion to dismiss, neither the pretrial preparation nor the discovery related matter would have embraced the matter sought to be presented in the instant action because Mr. Lanier did not challenge the 2010 bidding process nor the alleged restructuring of San Joaquin and California Sports' contracts in 2011. Finally, the claims are related but separated by time. Based on the factors set forth in *Resolution Trust Corp.*, the issues raised in *Lanier I* and Mr. Lanier's second and third causes of action in the instant case are not identical. Therefore, Mr. Lanier's second and third causes of action are not precluded.

This Court DENIES Clovis Unified's motion to dismiss Mr. Lanier's second and third causes of action.

### D. All Causes of Action: *Monell* Liability

Relying on *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658 (1978), Clovis Unified argues that all of Mr. Lanier's claims are factually insufficient because he has failed to allege a custom, policy, statement, ordinance, regulation or decision officially adopted by Clovis Unified that amounts to deliberate indifference. Because the principles set forth in *Monell* pertain to 42 U.S.C. § 1983 ("section 1983") claims only and Mr. Lanier does not allege a section 1983 claim, this argument is unpersuasive. *Monell*, 436 U.S. at 694 (concluding that a local government may not be sued under section 1983 for an injury inflicted solely by its employees or agents rather, it is when execution of the government's policy or custom inflicts the injury that the government is responsible under section 1983).

## CONCLUSION AND ORDER

For the reasons discussed above this Court:

1. VACATES the April 24, 2012, hearing or oral argument, pursuant to Local Rule 230(g);
2. GRANTS Clovis Unified and Mr. Lanier's requests to take judicial notice of the pleadings and orders filed in Case No. 1:09-cv-02084-AWI-SKO;
3. DISMISSES in part and DENIES in part Mr. Lanier's motion for reconsideration of this Court's order in Case No. 1:09-cv-02084-AWI-SKO; and
4. DENIES Clovis Unified's motion to dismiss.

IT IS SO ORDERED.

**Dated:   April 18, 2012**               /s/ Lawrence J. O'Neill
                                           UNITED STATES DISTRICT JUDGE