# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES M. LANIER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CLOVIS UNIFIED SCHOOL DISTRICT,<br><br>　　　　Defendant. | 1:11-cv-01613 LJO GSA<br><br>ORDER GRANTING PLAINTIFF'S REQUEST FOR CONTINUANCE **IN PART**<br><br>(Doc. 44) |

**Introduction**

On January 28, 2013, Plaintiff, James Lanier ("Plaintiff") submitted a request to continue this matter for thirty or forty-five days. (Doc. 44). The basis of the request is that Plaintiff had surgery on January 23, 2013. On January 31, 2013, this Court issued an order requiring that Plaintiff submit additional medical information within five days in support of his request for continuance. (Doc. 45). On February 15, 2013, Plaintiff submitted a letter from his doctor. On February 20, 2013, the Court ordered Defendant, Clovis Unified School District ("Defendant" or "CUSD") file a pleading in response to Plaintiff's request. On February 22, 2013, Defendant filed its response to Plaintiff's motion. (Docs. 50 and 51). Upon a review of the pleadings, Plaintiff's motion for continuance is granted IN PART.

**Discussion**

In its response, CUSD indicates that Plaintiff has already failed to appear for a deposition

1

scheduled for February 19, 2013. Defense counsel indicates that when counsel called Mr. Lanier to ask about the absence, Mr. Lanier indicated that he had not taken note of the date and he would be unable to appear for the deposition that day. Plaintiff's deposition is currently rescheduled for February 28, 2013. Defendant opposes the request to continue the entire case for thirty days because the medical evidence Plaintiff provided does not indicate that Plaintiff is unable to participate in the litigation or the discovery process. Instead, the only advice given by Plaintiff's doctor is that he should limit his stress. Notwithstanding the above, Defendant is unopposed to a thirty day continuance of the non-expert discovery deadline. Counsel has advised the Court that neither party has designated experts and that an extension of the non-expert discovery deadline would not affect the filing of pretrial motions or the trial date.

Given the above, this court will grant Plaintiff's request for a continuance in part. Fed. R. Civ. P. 16(b)(2) and (3) requires district courts to enter scheduling orders to establish deadlines for, among other things, "to file motions" and "to complete discovery." A modification of the scheduling order requires a showing of good cause. Fed. R. Civ. P. 16(b)(4). Scheduling orders "are at the heart of case management," Koplve v. Ford Motor Co., 795 F.2d 15, 18 (3rd Cir.1986), and are intended to alleviate case management problems. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir.1992). As such, a scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril." Id. at 610.

The Court agrees that the medical evidence does not establish that Plaintiff is completely unable to participate in this litigation, nor does it establish good cause for continuing this entire action for thirty or forty-five days. However, the Court will extend the non-expert discovery deadline *only* for thirty days. Plaintiff is advised that although the Court is sympathetic to his medical condition, he initiated this action and is still responsible for prosecuting this case. It appears that Plaintiff did not appear for a properly noticed deposition, despite being advised that all deadlines remained in full force and effect this Court issued an order modifying the dates.

1  Plaintiff is cautioned that he shall follow the Federal Rules of Civil Procedures, this Court's
2  Local rules, and this Court's orders.  Failure to do so in the future may result in the imposition of
3  sanctions, including dismissal of his case.

**Conclusion and Order**

Based of the above, the amended non-expert discovery deadline is **April 15, 2013.**  Thus, all non-expert discovery *including the adjudication of all discovery motions* must be completed by April 15, 2013.  *All other deadlines and other orders outlined in this Court's scheduling order issued on July 9, 2012, remain in full force and effect*.  (Doc. 43).

IT IS SO ORDERED.

Dated:   **February 25, 2013**                    **/s/ Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE