# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LANIER, | ) 1:11-cv-01613-LJO-GSA |
| Plaintiff, | ) |
| v. | ) ORDER RE. PLAINTIFF'S MOTION<br>) FOR RECUSAL |
| CLOVIS UNIFIED SCHOOL DISTRICT,<br>and DOES 1 to 18, | ) (Document 69) |
| Defendants. | ) |

## INTRODUCTION

Pending before the Court is Pro Se Plaintiff James Lanier's ("Plaintiff") Motion For Recusal, pursuant to 28 U.S.C. § 455(a) and (b)(1). (Doc. 69). Plaintiff seeks to recuse Magistrate Judge Gary Austin from the instant civil action, in which Plaintiff pursues race discrimination and employment discrimination claims under Title VI and Title VII of the Civil Rights Act of 1964.

## DISCUSSION

In the instant motion, Plaintiff alleges that during a joint settlement conference in this matter, Judge Austin exhibited "a personal bias or prejudice against him or in favor of Defendants and their attorneys by his statements, comments and referencing remarks made regarding the continuance of and or [sic] outcome of this case which is currently still in the discovery phase." (Doc. 69). Plaintiff further mentions that Judge Austin has, on two occasions,

denied Plaintiff's requests for continuances for medical reasons, and taken a hearing on a motion to compel off the Court's calendar.

**1.      Applicable Law**

Plaintiff seeks recusal under 28 U.S.C. § 455(a) and (b)(1).  28 U.S.C. § 455 pertains to the disqualification of any justice, judge or magistrate judge of the United States.  § 455(a) requires a judge to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned."  § 455(b)(1) further requires the disqualification of a judge "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."  Accordingly, recusal is warranted either by actual bias or the appearance of bias.  *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993).  On the other hand, "in the absence of a legitimate reason to recuse himself, a judge should participate in cases assigned." *United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008) (internal quotation marks omitted).

The Ninth Circuit addressed the scope of §455(a) and (b) in *Herrington v. Sonoma County*, 834 F.2d 1488, 1502 (9th Cir. 1987):

> Section 455(a) covers circumstances that *appear* to create a conflict of interest, whether or not there is actual bias.  *Davis v. Xerox*, 811 F.2d 1293, 1295 (9th Cir. 1987).  Section 455(b) covers situations in which an *actual* conflict of interest exists, even if there is no appearance of one.  *Id.*  Section 455(b) also describes situations that create an *apparent* conflict, because it provides examples of situations in which a judge's 'impartiality might reasonably be questioned' pursuant to section 455(a).  See *United States v. Conforte*, 624 F.2d 869, 880–81 (9th Cir.), cert. denied, 449 U.S. 1012, 101 S. Ct. 568, 66 L. Ed.2d 470 (1980).

Bias is defined "to consist of an attitude or state of mind that belies an aversion or hostility of a kind or degree that a fair-minded person could not entirely set aside when judging certain persons or causes." *Herrington*, 834 F.2d at 1502 (internal quotation marks omitted).  Actual bias, under § 455(b)(1), is a *per se* ground for disqualification and must be subjectively assessed by the judge considering disqualification.  *Herrington*, 834 F.2d at 1502; *also see Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993).  In contrast, the test for the existence of apparent bias sufficient to require disqualification under §§ 455(a) and 455(b) is an objective one: "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality

might reasonably be questioned."[1] *Id.*; *also see United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986). In sum, "Section 455 requires not only that a judge be subjectively confident of his ability to be evenhanded, but also that an informed, rational, objective observer would not doubt his impartiality." *In re Bernard,* 31 F.3d 842, 844 (9th Cir. 1994).

Furthermore, under § 455, the alleged bias ordinarily must stem from an "extrajudicial source." *Liteky v. United States*, 510 U.S. 540, 554-567 (1994). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Id*. [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. *Id*; *also see Studley*, 783 F.2d at 940 ("[t]he alleged prejudice must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal").

§ 455 is self-enforcing on the part of the judge; however any party may file a motion for disqualification, which is addressed to and decided by the judge whose impartiality is being questioned. *In re Bernard,* 31 F.3d 842, 843 (9th Cir. 1994); *United States v. Sibla,* 624 F.2d 864, 867-868 (9th Cir. 1980).

**2.     Disqualification is not Warranted in This Matter on Any Basis**

Plaintiff has not alleged specific facts demonstrating actual bias or any extrajudicial source for the claimed bias. Having considered Plaintiff's motion, the undersigned is confident that he does not feel any bias for or against any of the parties to this action. There are no grounds for recusal on the basis of actual bias.

Plaintiff's motion is similarly devoid of specific fact allegations tending to show the appearance of bias. The motion contains merely conclusory statements that do not raise a reasonable question as to the judge's impartiality. *See Yagman v. Republic Ins*., 987 F.2d 622, 626 (9th Cir. 1993) (speculative assertions of invidious motive do not support recusal); *Studley*,

---

[1] The same objective standard also applies to 28 U.S.C. § 144, a recusal statute that applies only to district court judges; hence, when both 28 U.S.C. § 144 and 28 U.S.C. § 455 are applicable, they are generally construed together. *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986).

783 F.2d at 939 (the bare, conclusory allegation that judge "hated me without any cause" does not objectively cast doubt on judge's impartiality). Plaintiff's conclusory allegations would not lead a reasonable person to conclude that the Judge's impartiality might reasonably be questioned. Accordingly, there is no appearance of bias warranting recusal in this case.

Plaintiff also fails to establish–indeed he does not even allege–that the claimed appearance of bias on the part of the judge is related to an extrajudicial source. Nor does Plaintiff allege that the judge has personal knowledge, from an extrajudicial source, of disputed evidentiary facts concerning the proceeding, thereby creating the appearance of bias. 28 U.S.C. § 455(b)(1); *see Cordoza v. Pacific States Steel Corp*., 320 F.3d 989, 999-1000 (9th Cir. 2003) (recusal not required on claim of bias based on judge's "personal knowledge of disputed evidentiary facts concerning the proceeding," because the judge obtained the information in question in a "judicial" capacity as opposed to a "personal" capacity). On the contrary, Plaintiff's allegations of bias or prejudice involve judicial acts which the judge either performed or failed to perform while presiding over proceedings in his case. *See United States v. Sibla*, 624 F.2d 864, 869 (9th Cir. 1980) ("the provisions of section 455(a) & (b)(1) require recusal only if the bias or prejudice is directed against a party and stems from an extrajudicial source"). Recusal is, therefore, foreclosed in this case.

**ORDER**

As there is no actual bias on the part of the undersigned judge, or any appearance of bias with regard to the undersigned judge's role in this matter, Plaintiff's instant motion for disqualification is DENIED.

IT IS SO ORDERED.

Dated:  **May 7, 2013**                    /s/ **Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE