# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LANIER, | ) 1:11-cv-01613-LJO-GSA |
|              Plaintiff, | ) |
| v. | ) ORDER RE. PLAINTIFF'S MOTION TO COMPEL SUPPLEMENTAL RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS |
| CLOVIS UNIFIED SCHOOL DISTRICT, and DOES 1 to 18, | ) (Document 58) |
|              Defendants. | ) |

Pending before the Court is Plaintiff James Lanier's ("Plaintiff") motion to compel Defendant Clovis Unified School District ("Defendant") to provide further responses to his Requests for Production of Documents, Set Two ("RFP"). (Doc. 58). Specifically, Plaintiff seeks further responses to RFP "Nos. 1, 2 and 4 through 70." (Doc. 58). The parties have filed separate statements regarding the discovery disagreement, which the Court will accept in lieu of the requisite Joint Statement, in this instance. Taking the matter under submission, the Court GRANTS Plaintiff's motion as to RFP Nos. 1, 2, and 4, and DENIES Plaintiff's motion as to RFP Nos. 5 through 69.[1]

///

---

[1] Plaintiff's Motion to Compel seeks further responses to Plaintiff's Requests for Production of Documents, Set Two, Nos. 1, 2 and 4 through 70. However, Plaintiff's Requests for Production of Documents, Set Two only contains 69 requests.

1

**FACTUAL BACKGROUND**

Pro Se Plaintiff James Lanier, the African-American owner of an accredited sports officiating business called SportsTime Officials Association, brings this action pursuant to Title VI and VII of the Civil Rights Act of 1964.[2]

With respect to his Title VI claim, Plaintiff alleges that Defendant Clovis Unified School District discriminated against him on the basis of his race, in the process of awarding contracts for sports officiating services for the 2010-2011 and 2011-2012 school years. (Doc. 23). Mr. Lanier sought to provide sports officiating services to Clovis Unified as an independent contractor. (Doc. 23). Specifically, in May 2010, in response to an invitation from Clovis Unified, Mr. Lanier submitted a proposal to provide sports officiating services for the 2010-2011 school year. (Doc. 23). In June 2010, he was informed that the contract was awarded to, and split between, the white-owned businesses which had also submitted bids, including California Sports Officials Association (CSOA) and San Joaquin Valley Officials Association (SJVOA). (Doc. 23). Plaintiff alleges that Clovis Unified's selection process foreclosed the selection of businesses owned by racial minorities. Plaintiff further alleges that Clovis Unified improperly renewed its contractual relationship with CSOA and SJVOA for the following school year, thereby denying Plaintiff access, based on racial discrimination, to a contract for the 2011-2012 school year as well. (Doc. 23).

Plaintiff also raises Title VII employment discrimination claims against Clovis Unified, specifically disparate treatment, disparate impact and retaliation claims.[3] (Doc. 23). However, the record indicates that Mr. Lanier was not an employee, former employee or prospective employee of Clovis Unified during the time period relevant to this matter.

///
///

---

[2] Plaintiff's sports officiating business has been accredited by the California Interscholastic Federation since 2005. (Doc. 23).

[3] The Title VII claims asserted in Plaintiff's First Amended Complaint are not clearly identified. Plaintiff appears to be raising disparate treatment, disparate impact and retaliation claims.

2

## PROCEDURAL HISTORY

On September 23, 2011, Plaintiff filed a complaint alleging violations of Title VI, 42 U.S.C. § 2000d; California Education Code § 220 *et seq.*; and "the Continuous Violations Doctrine 79 Cal. App. 4th 570." (Doc. 1). After a screening of Plaintiff's pro se complaint pursuant to 28 U.S.C. 1915(e)(2), the District Court dismissed Plaintiff's state law claims with prejudice but allowed his Title VI claim to proceed. (Doc. 5). Defendant brought a motion to dismiss on February 24, 2012. (Doc. 13). Plaintiff responded by filing, pro se, a First Amended Complaint (FAC), on March 16, 2012, which was not screened by the Court. The FAC retains Plaintiff's Title VI claim (race-based discrimination in the awarding of sports officiating contracts for the 2010-2011 and 2011-2012 school years) and adds two new Title VII claims pursuant to 42 U.S.C. § 2000e-2 (disparate treatment/disparate impact discrimination in employment) and § 2000e-3 (retaliation). (Doc. 23).

Defendant brought a motion to dismiss Plaintiff's First Amended Complaint, challenging the Title VI claim on a number of grounds, and the Title VII employment discrimination claims solely on a res judicata theory, with reference to one of Plaintiff's prior cases before this Court (No. 1:09-cv-02084). (Doc. 25). Defendant's motion to dismiss the FAC was denied in its entirety by the district court on April 14, 2012. (Doc. 32).

On September 25, 2012, Plaintiff served on Defendant his Request for Production of Documents, Set One, requesting documents pertaining to seventy categories. (Doc. 61). In response, Defendant produced documents responsive to RFP Nos. 1, 3 and 4, and represented, with respect to RFP No. 5, that all responsive documents had already been provided as part of Defendant's initial disclosures. (Doc. 61). On December 11, 2012, Plaintiff served his Request for Production of Documents, Set Two, which was identical to Set One except that RFP No. 5 in Set One was excluded from Set Two, and Set One RFP Nos. 6-70 were renumbered RFP Nos. 5-69 respectively, in Set Two. (Docs. 61, 58 Exh. A and Exh. C). Defendant did not produce any documents in response to Plaintiff's Requests for Production of Documents, Set Two. Rather, Defendant objected to all the requests in Set Two on multiple grounds, including that each request had already been addressed in Defendant's response to Plaintiff's Requests for

Production of Documents, Set One. (Doc. 61). Thereupon, Plaintiff filed the instant motion to compel further responses to his Requests for Production of Documents, Set Two.

## DISCUSSION

The instant motion to compel pertains to Set Two of Plaintiff's Requests for Production of Documents ("RFP"), and specifically seeks supplemental responses to RFP Nos. 1, 2 and 4 through 69 therein. (Doc. 58). RFP Nos. 1, 2 and 4 are relevant to Plaintiff's Title VI claim, while RFP Nos. 5 - 69 appear to be related to Plaintiff's Title VII claims (see discussion below).

### A.  RFP No. 1

Plaintiff's RFP No. 1 seeks the minutes of all Clovis Unified board, administration and athletic directors' meetings relating to the awarding of the school district's sports officiating services contracts for the 2010-2011 and 2011-2012 school years. (Doc. 58, Exh. C).

Defendant objected to this request "on the grounds that it is compound, vague, ambiguous, overbroad, overly burdensome, [and] seeks to violate the deliberative process privilege, attorney-client privilege and work-product doctrine." Defendant further objected that this request was identical to RFP No. 1 in Plaintiff's Requests for Production of Documents, Set One, and hence had already been "asked and answered." In its response to this same request in Set One, Defendant had agreed to "produce all non-privileged documents responsive to this request not already produced through initial disclosures." (Doc. 58, Exh. A).

Given the defined scope and time-frame of this request, and its direct relevance to Plaintiff's Title VI claim, Defendant's objections to this request are misplaced. Defendant is hereby ordered to provide the minutes of all Clovis Unified meetings relating to the following:
(1) the awarding of all sports officiating services contracts for the 2010-2011 school year;
(2) the decision not to re-open the bidding process for sports officiating services contracts for the 2011-2012 school year; and
(3) the renewal, extension and/or reformulation of the 2010-2011 contracts to make them applicable to the 2011-2012 school year.

To the extent that Defendant asserts a specific privilege with respect to any responsive documents, Defendant shall file an itemized privilege log identifying the date of, and generally

4

describing, the withheld documents, and specifying the nature and applicability of the privilege being invoked. Rule 26(b)(5)(A), Fed. R. Civ. P. Defendant's boilerplate and blanket assertion of multiple privileges in its responses to Plaintiff's RFPs is improper. A party claiming a privilege or work-product protection "must provide sufficient information to enable other parties [and the court] to evaluate the applicability of the claimed privilege or protection." *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1148 (9th Cir. 2005) (quoting Fed. R. Civ. P. 26(b)(5) advisory committee note (1993 Amendments)). "[B]oilerplate objections or blanket refusals inserted into a response to a Rule 34 request for production of documents are insufficient to assert a privilege." *Id.* at 1149. Failure to file a privilege log within the 30-day time limit for responding to a request for production of documents is grounds for a finding of waiver. *Id.*; Rule 34, F. R. Civ. P. Defendant is reminded, further, that "when advocates attempt to use discovery tools as tactical weapons rather than to expose the facts and illuminate the issues," the spirit of the discovery rules is violated. *Id.*

  **B.**   **RFP No. 2**

Plaintiff's RFP No. 2 seeks all contracts and subcontracts relating to work performed by SportsTime Officials Association for Clovis Unified from 2004 to the present. (Doc. 58, Exh. C).

Defendant did not produce any documents in response to this request, noting:

> Defendant objects to this request on the grounds that it is compound, vague, ambiguous, overbroad, overly burdensome, seeks to violate the deliberative process privilege, attorney-client privilege and work-product doctrine. Further, any documents responsive to this request are equally available to Plaintiff as he would have been provided a copy of the contract. Further this request is improper as it is identical to Request No. 2 of Set One which has already been asked and answered.

Rule 26(b)(1), F. R. Civ. P., allows a party to "obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party." Plaintiff's RFP No. 2 seeks documents clearly relevant to his Title VI claim, and limits the documents sought to a reasonable time-frame. Accordingly, Defendant is ordered to produce all documents related to work performed by SportsTime Officials Association for Clovis Unified from 2004 to the present, including any contractual and sub-contractual documents.

To the extent that Defendant asserts a specific privilege with respect to any responsive documents, Defendant shall file an itemized privilege log identifying the date of, and generally describing, the withheld documents, and specifying the nature and applicability of the privilege being invoked. Rule 26(b)(5)(A), Fed. R. Civ. P. As discussed above, Defendant's blanket assertion of multiple privileges in response to RFP No. 2 is improper. "Such assertions disable the court and the adversary party from testing the merits of the claim of privilege." *United States v. El Paso Co.*, 682 F.2d 530, 541 (5th Cir. 1982); *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1148 (9th Cir. 2005).

### C.    RFP No. 4

Plaintiff's RFP No. 4 seeks "contracts or subcontracts that identify any contract work between [Clovis Unified] and San Joaquin Valley Officials Association from 2000 to the present."

In its response to the identical request in Plaintiff's Request for Production of Documents, Set One, Defendant objected on multiple grounds and made boilerplate assertions of privilege, but agreed to produce "all non-privileged documents responsive to this request for the time periods at issue in this case (i.e. 2010-2012) which have not already been produced." (Doc. 58, Exh. A). With respect to this request in Plaintiff's Request for Production of Documents, Set Two, Defendant again objected:

> Defendant objects to this request on the grounds that it is irrelevant, compound, vague, ambiguous, overbroad, overly burdensome, seeks to violate attorney-client privilege and work-product doctrine, and third party privacy rights. Further this request is improper as it is identical to Request No. 4 of Set One which has already been asked and answered.

In light of Plaintiff's contention that Clovis Unified contracted with SJVOA from 1939 to 2008 for sports officiating services, and then again from 2010 to 2012, Plaintiff's request for documents relating to contracts or sub-contracts concerning SJVOA's provision of sports officiating services for Clovis Unified is warranted, however the time-frame identified by Plaintiff (2000 to the present) is unreasonable. (Doc. 23). Responsive documents from 2005 to the present would be sufficient for Plaintiff's purposes without imposing an undue burden on Defendant. Accordingly, Defendant is ordered to produce all contracts or sub-contracts

concerning SJVOA's provision of sports officiating services for Clovis Unified from 2005 to the present.

To the extent that Defendant asserts a specific privilege with respect to any responsive documents, Defendant shall file an itemized privilege log identifying the date of, and generally describing, the withheld documents, and specifying the nature and applicability of the privilege being invoked. Rule 26(b)(5)(A), Fed. R. Civ. P. As discussed above, Defendant's blanket assertion of multiple privileges in response to RFP No. 2 is improper.

### D.    RFP Nos. 5 - 69

RFP Nos. 5-69 are designed to obtain broad discovery to provide statistical support for a disparate impact claim based on the effect of Clovis Unified's hiring policies on racial minorities. Plaintiff bases these requests on the following rationale set forth in his papers:

> Plaintiff contends that the requested information is relevant, and that it would allow him to show statistically that over time [Defendant] has discriminated against African-American contractors. Racial discrimination can result from individual behavior as well as the unintended and often unconscious consequences of a discriminatory system. Systemic discrimination can be described as patterns of behavior, policies or practices that are part of the structures of an organization, and which create or perpetuate disadvantage for racialized persons. Defendants should have been aware that their "normal way of doing things" may be having a negative impact on racialized persons.

(Doc. 67). Since RFP Nos. 5-69 seek documents relating to disparate impact discrimination, as clear from the foregoing excerpt from Plaintiff's papers, these requests necessarily pertain to Plaintiff's Title VII disparate impact claim.[4] These requests are clearly not relevant to Plaintiff's

---

[4]RFP Nos. 5-29 seek documents identifying all contractors and subcontractors who worked on the building and completion of numerous high, middle, and elementary schools in Clovis Unified, while RFP No. 30 seeks documents identifying African-American contractors and subcontractors who have worked on all school district construction projects. (Doc. 58, Exh. C).

RFP Nos. 31-55 seek documents identifying all "staff personnel" hired at numerous high, middle, and elementary schools in Clovis Unified since the inception of each school. RFP No. 56 seeks documents identifying the hiring of all "Clovis Unified School District staff administration and/or administration support personnel" since 1995. RFP No. 57 seeks documents identifying the hiring of all African-American "Clovis Unified School District staff administration and/or support personnel" since 1995. (Doc. 58, Exh. C).

RFP No. 58 seeks documents identifying the hiring of all "Clovis Unified School District administrative personnel" since 1995. RFP No. 59 seeks documents identifying the hiring of all

7

Title VI claim as Title VI provides a private right of action only for claims of intentional discrimination, not for disparate impact claims.[5]  Further, Plaintiff's Title VI claim in the FAC does not allege disparate-impact discrimination, but rather alleges that Clovis Unified specifically discriminated against him, on the basis of his race, during the process of selecting an independent contractor to provide sports officiating services for the district.  (Doc. 23).

Given that RFP Nos. 5-69 pertain to Plaintiff's Title VII claim pursuant to 42 U.S.C. § 2000e-2, the Court denies Plaintiff's motion to compel further responses to these requests.  As Plaintiff does not qualify for Title VII relief as a matter of law, the requested discovery will not assist Plaintiff in litigating his Title VII claims and is rendered irrelevant.  Title VII forbids an employer from discriminating against its employees on the basis of race, color, religion, sex, or national origin.  42 U.S.C. § 2000e-2.  Title VII also protects employees from retaliation.  42 U.S.C. § 2000e-3.  However, "Title VII protects employees, but does not protect independent contractors."  *Adcock v. Chrysler Corp.*, 166 F.3d 1290, 1292 (9th Cir. 1999).  Thus, an individual is "entitled to the protections of Title VII only if she is an employee."  *Murray v. Principal Fin. Group, Inc.*, 613 F.3d 943, 944 (9th Cir. 2010).  "Determining whether a relationship is one of employment or independent contractual affiliation requires a fact-specific

---

such personnel, since, 1995, who are of African-American descent. (Doc. 58, Exh. C).
   RFP Nos. 60-63 seek documents identifying the hiring, since 1995, of, respectively, all Clovis Unified school principals, athletic directors, "high school and middle school varsity level sports coaches," and "high school and middle school varsity level sports athletic trainers," who are of African-American descent. (Doc. 58, Exh. C).
   RFP Nos. 64-69 seek documents identifying, respectively, the number of all "staff administration and/or administration support personnel positions," "administrative personnel" positions, school principals, "athletic director positions," "sports coach positions," and "athletic trainer positions" employed by the school district since 1995. (Doc. 58, Exh. C).

   [5]*See Alexander v. Sandoval*, 532 U.S. 275, 280 (2001) (plaintiff had no private right of action under Title VI for alleged national origin discrimination based on the effect of the Alabama Department of Public Safety's decision to administer the state driver's license examination only in English); *see also Colwell v. Dep't of Health & Human Servs.*, 558 F.3d 1112, 1129 (9th Cir. 2009) (physician plaintiffs were not potentially liable to their limited-English-proficient patients, under Title VI, "for the Supreme Court has held that there is no private right of action for disparate impact discrimination under Title VI"); *Partida v. Page*, 2012 WL 691789 (E.D. Cal. Mar. 2, 2012).

inquiry which depends on the economic realities of the situation." *Adcock*, 166 F.3d at 1292 (internal quotation marks omitted).  In his FAC, Plaintiff does not allege that he was ever employed or attempted to gain employment with Clovis Unified.  Nor does he allege facts that demonstrate the existence of an employment relationship.  Rather, Mr. Lanier alleges that Clovis Unified discriminated and retaliated against him by denying his independent business a sports officiating contract.  Because Mr. Lanier does not does not allege an employment relationship with Clovis Unified, his Title VII claims necessarily fail.  *See Murray*, 613 F.3d at 944.  The Court therefore denies Mr. Lanier's motion to compel further discovery related to his Title VII claims.

**ORDER**

Plaintiff's motion to compel is GRANTED IN PART.  Defendants shall produce, by May 14, 2013, documents responsive to Plaintiff's RFP Nos. 1, 2 and 4 as delineated above.  The April 15, 2013 discovery cut-off date will not apply to the production of documents in accordance with this order.  All other dates, deadlines and other terms specified in the Scheduling Order issued on July 9, 2012, shall remain in full force and effect.

IT IS SO ORDERED.

Dated:   **May 7, 2013**                    /s/ **Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE