# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LANIER,<br><br>        Plaintiff,<br><br>  v.<br><br>CLOVIS UNIFIED SCHOOL DISTRICT,<br>and DOES 1 to 18,<br><br>        Defendants. | 1:11-cv-01613-LJO-GSA<br><br>**ORDER VACATING ORDER ON PLAINTIFF'S REQUEST FOR EXTENSION OF TIME** (Doc. 92) **AND AMENDED ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME** (Doc. 89) |

This Court VACATES its May 15, 2013 "Order on Plaintiff's Request for Extension of Time; Request to File a Second Amended Complaint; and Request to Reopen Discovery" (Doc. 92) and replaces it with the following:

Plaintiff James Lanier ("Plaintiff") seeks, pursuant to FED. R. CIV. P. 56(d), to postpone consideration of Defendant Clovis Unified School District's ("Defendant's") motion for summary judgment pending further discovery. Plaintiff also requests permission to amend his complaint. For the reasons discussed below, this Court DENIES Plaintiff's requests.

Under FED. R. CIV. P. 56(d), if the party opposing a motion for summary judgment believes he cannot oppose the motion on the merits without discovery, the burden is on him to review Defendant's motion, determine what discovery is necessary to oppose the motion, and make the requisite showing in a Rule 56(d) motion. Rule 56(d), formerly Rule 56(f), provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

1

FED. R. CIV. P. 56(d).  To prevail on a Rule 56(d) motion, the party opposing the motion for summary judgment must file a timely motion specifically identifying the relevant information sought, where there is some basis for believing that the information actually exists.  *Blough v. Holland Realty, Inc.*, 574 F.3d 1084, 1091 n.5 (9th Cir. 2009) (quotation marks and citation omitted).  "The burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment."  *Id*.

Here, Plaintiff does not identify the information he seeks.  Thus, he fails to demonstrate that the evidence exists and that it would prevent summary judgment.  Accordingly, Plaintiff is not entitled to relief under Rule 56(d).

Plaintiff also requests permission to amend his complaint and/or submit an additional claim.  FED. R. CIV. P. 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires."

> This strong policy toward permitting the amendment of pleadings, however, must be tempered with considerations of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.

*Schlacter-Jones v. Gen. Tel. of California*, 936 F.2d 435, 443 (9th Cir. 1991) (internal quotation marks omitted), *overruled on other grounds, Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 692-93 (9th Cir. 2001) (en banc).  "The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint."  *Ascon Prop., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989).  In addition, "[a] motion for leave to amend is not a vehicle to circumvent summary judgment."  *Schlacter-Jones*, 936 F.2d at 443.  Thus, when a motion for leave to amend is filed after discovery and while a motion for summary judgment is pending, the timing of the motion "weighs heavily against allowing leave."  *Id*.

Based on consideration of the above factors, this Court denies Plaintiff's request to amend his complaint.  Plaintiff filed his request to amend over a year and a half after his initial complaint, after the close of discovery, and after Defendant filed a motion for summary judgment.  Accordingly, Plaintiff's delay is significant.  In addition, Plaintiff has already been permitted to amend his

2

complaint. Further, allowing amendment would prejudice Defendant as it would delay the proceedings and likely result in the re-opening of discovery. *See Solomon v. N. Am. Life and Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (motion to amend "on the eve of the discovery deadline" properly denied because it would have required re-opening discovery thus, delaying the proceedings). With regard to futility of amendment, this Court surmises that Plaintiff is unable to allege a viable claim based on the record and Plaintiff's prior inability to establish grounds for relief, especially considering his failure to provide a required proposed amended complaint. Therefore, Plaintiff's request to file an amended complaint is denied.

For the reasons set forth above, this Court DENIES Plaintiff's FED. R. CIV. P. 56(d) motion and DENIES Plaintiff's request to file an amended complaint and similar relief. Nonetheless, out of an abundance of caution and due to any inadvertent confusion created by this Court's orders, this Court:

1. VACATES the June 4, 2013 hearing on Defendant's summary judgment hearing and ORDERS the parties NOT TO APPEAR at that time;
2. ORDERS Plaintiff, no later than May 28, 2013, to file and serve papers to oppose summary judgment; and
3. ORDERS Defendant, no later than June 4, 2013, to file and serve summary judgment reply papers.

IT IS SO ORDERED.

Dated:   **May 17, 2013**             /s/ Lawrence J. O'Neill
                                       UNITED STATES DISTRICT JUDGE